UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LOWREN DOW,

        Plaintiff,

                                                                     Case Number 09-13697-BC

v.

RHEEM MANUFACTURING COMPANY,
ROBERTSHAW CONTROLS COMPANY,
INVENSYS CONTROL SYSTEMS,

       Defendants,

MICHIGAN FARM BUREAU GENERAL
INSURANCE,

       Plaintiff,                                  Case Number 10-10753-BC
v.                                                         Honorable Thomas L. Ludington

RHEEM MANUFACTURING COMPANY,
ROBERTSHAW CONTROLS COMPANY,
INVENSYS CONTROL SYSTEMS,

       Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART ROBERTSHAW AND RHEEM'S MOTION TO CONSOLIDATE CASES, GRANTING ROBERTSHAW'S MOTION FOR LEAVE TO FILE THIRD AMENDED NOTICE OF AT FAULT NON-PARTIES, GRANTING RHEEM'S REQUEST TO FILE FOURTH AMENDED NOTICE OF AT FAULT NON-PARTIES, AND DENYING AS MOOT PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**

On September 17, 2009, Plaintiff Lowren Dow ("Lowren") filed a complaint [09-13697, Dkt. # 1] invoking the Court's diversity jurisdiction, alleging claims based on products liability, negligence, gross negligence, willful disregard, and breach of implied and expressed warranties against Defendants Rheem Manufacturing Company ("Rheem"), Robertshaw Controls Company

("Robertshaw") and Invensys Control Systems ("Invensys Controls").[1] Lowren's claims arise from an explosion that occurred on July 16, 2007, as a result of an alleged faulty water heater that he also alleges was designed, manufactured, sold, and supplied by Rheem, and equipped with a control valve manufactured by Robertshaw. Lowren alleges that the control valve had a defective pilot safety, which is intended to shut off gas to the main burner of the unit if the pilot is extinguished. When Lowren attempted to light the pilot, the residence exploded, causing burns over 98% of his body. Lowren seeks to recover $11 million.

Approximately five months after Lowren filed his complaint, on February 23, 2010, Michigan Farm Bureau General Insurance ("Farm Bureau") filed a complaint [10-10753, Dkt. # 1] against the same Defendants alleging similar claims. In contrast to Lowren's personal injury action, however, Farm Bureau's subrogation action is brought to recover for property damage on behalf of its insured, William Harmon (Lowren's grandfather), the owner of the residence that exploded. Farm Bureau seeks to recover $133,674.65.

On June 21, 2010, the Court held a hearing on Defendants Robertshaw and Rheem's motion to consolidate cases [09-13697, Dkt. # 31], Robertshaw's motion for leave to file a third amended notice of at fault non-parties [09-13697, Dkt. # 40], and Defendant Rheem's request for leave to file a fourth amended notice of at fault non-parties [09-13697, Dkt. # 43]. Also pending before the Court is Plaintiffs' motion for leave to file a supplemental brief in opposition to Defendants' motion to consolidate [09-13697, Dkt. # 53]. For the reasons stated below, Defendants' motion to consolidate will be granted in part, such that the cases will be consolidated through the resolution of dispositive

---

[1] Robertshaw filed an answer [Dkt. # 7] on behalf of itself and Invensys Controls. Robertshaw asserts that Invensys Controls is not a corporate entity but an assumed name under which Robertshaw has done business. This issue has not yet been resolved. *See also* [Dkt. # 9] (noting that non-defendant Invensys PLC is a parent company to Robertshaw).

motions, and Plaintiffs motion for leave to file a supplemental brief will be denied as moot. In addition, Defendants Robertshaw and Rheem will be granted leave to file fourth and third notices of at fault non-parties, respectively.

I

Defendants' motion to consolidate the actions addresses the actions initiated by both Lowren and Farm Bureau. *See* [09-13697, Dkt. # 31, Apr. 22, 2010]. Lowren filed a response in opposition [Dkt. # 34] on May 3, 2010, and the text of the response suggests that Farm Bureau, who is represented by the same counsel as Lowren, also opposes consolidation. Defendants filed a reply [Dkt. # 38] on May 10, 2010.

In response to Defendants' motion, Lowren agrees that his case can be consolidated with Farm Bureau's case for discovery and for a trial on liability issues. However, Lowren asserts that the cases should not be consolidated for a trial on damages due to the potential for confusion. Lowren emphasizes that he seeks to recover for medical expenses, loss of services, loss of earning capacity, pain and suffering, loss of enjoyment of life, mental and emotional distress, and physical disfigurement; and that proof of damages will require testimony from treating and examining physicians in plastic and reconstructive surgery, orthopedics, neurology, physical pain and rehabilitation, life care planners, vocational rehabilitation specialists, economists, neuropsychologists, and psychiatrists. In contrast, Farm Bureau's claims will implicate real estate appraisers and other experts on property values to determine if the amounts paid by Farm Bureau were reasonable.

In reply, Defendants emphasize that Lowren has not explained why the jury would have difficulty distinguishing between the evidence of damages of personal injuries and for property

damage. Defendants highlight the fact that the damages claimed by Farm Bureau are for a fixed sum based on amounts it paid for damage to the residence that exploded. The number of additional witnesses called in support of Farm Bureau's damages claim is likely to be small. Defendants also point out that the partial consolidation proposed by Lowren undermines the goals of consolidation, including convenience, efficiency, and economy because two trials will still be required. This is true, unless Defendants are found not liable, or the parties reach a negotiated resolution to the damages issues after Defendants are found liable.

At this juncture, given the similar factual issues to be addressed with respect to liability, the cases will be consolidated through the resolution of dispositive motions. Importantly, the cases are already on identical timelines pursuant to the case management and scheduling orders. *See* [09-13697, Dkt. # 17; 10-10753, Dkt. # 18]. In contrast, the issues of whether there should be a joint trial and whether a trial should be bifurcated as to liability and damages will benefit from further development of the case. These issues will be addressed subsequent to the resolution of dispositive motions and any material evidentiary issues.

In light of this resolution of Defendants' motion to consolidate, Plaintiffs' motion for leave to file supplemental briefing will be denied as moot. Plaintiffs request that the Court not consolidate the cases for trial purposes until certain issues can be resolved. Since the Court has not yet determined that the cases should be consolidated for trial, Plaintiffs' motion is unnecessary.

II

On May 14, 2010, Robertshaw filed a motion for leave to file a third amended notice of at fault non-parties [Dkt. # 40], identifying Jackie Dow ("Jackie") (Lowren's mother) and Jason Dow ("Jason") (Lowren's brother) as parties who may be wholly or partially responsible for causing or

contributing to Lowren's claimed loss. On May 24, 2010, Rheem filed a "notice of joinder/concurrence" [Dkt. # 43] requesting leave to file a fourth amended notice of at fault non parties identifying Jackie and Jason. Meanwhile, on May 21, 2010, Lowren filed a response [Dkt. # 41] in opposition to Robertshaw's motion. On May 28, 2010, Robertshaw filed a reply [Dkt. # 44].[2]

Michigan tort reform legislation abolished joint and several liability in favor of several liability. As a result, Mich. Comp. Laws § 600.2957(1) provides:

> In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been named as a party to the action.

Fault may not be allocated against a nonparty unless notice is provided pursuant to Michigan Court Rule 2.112(K)(2). Such notice must "set forth the nonparty's name and last known address, or the best identification of the nonparty that is possible, together with a brief statement of the basis for believing the nonparty is at fault." Mich. Ct. R. 2.112(K)(3)(b).

Under the rule, "notice must be filed within 91 days after the party files its first responsive pleading." Mich. Ct. R. 2.112(K)(3)(c). However, later notice is allowed upon a motion and "a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing of the notice does not result in unfair prejudice to the opposing party." *Id.* A party receiving notice may amend a pleading

---

[2] Rheem also filed a reply [Dkt. # 45], but it does not address the issues presented to the Court through its request to file a third amended notice of at fault non-parties. Rather, Rheem accuses Lowren of inaccurately stating that the control valve at issue was "recalled," and seeks to clarify the record with respect to whether the valve was recalled.

to allege claims against the nonparty within 91 days. Mich. Ct. R. 2.112(K)(4). "The purposes of the court rule are to provide notice that liability will be apportioned, provide notice of nonparties subject to allocated liability, and allow an amendment to add parties, thereby promoting judicial efficiency by having all liability issues decided in a single proceeding." *Veltman v. Detroit Edison Co.*, 683 N.W.2d 707, 713 (Mich. Ct. App. 2004).

Here, Robertshaw filed a second amended notice of nonparty fault [09-13697, Dkt. # 27, Feb. 26, 2010] pursuant to Michigan Court Rule 2.112(K), claiming that ten categories of individuals or entities, other than itself, may be wholly or partially liable for Lowren's damages and that each should be allocated a percentage of fault under Michigan's statutory provisions for comparative negligence. Similarly, Rheem filed a third amended notice of nonparty fault [09-13697, Dkt. # 32, Apr. 29, 2010] identifying eleven such categories of individuals or entities. The notices generally identify one category of entities or individuals as those "who improperly installed, maintained, and/or serviced the water heater in the residence."

Based on the following factual background, Defendants seek to specifically identify Jackie and Jason as individuals who may be wholly or partially liable for Lowren's damages. When Farm Bureau inspected the residence after the explosion, "danger tags" dated July 3, 2003, and December 22, 2004, were found. The tags had been placed on the gas system by non-party Ferrellgas identifying the lack of a vent on the water heater. The tags noted that an unsafe condition had been observed, that the gas supply had been turned off, and that the gas burning equipment (including the water heater) must only be placed in operation by a qualified technician. The tags instructed that they should not be removed except by a qualified technician and after the unsafe condition had been corrected.

While Harmon is the owner of the residence, Jackie was listed as the "manager" of the property on a previous rental agreement. Jackie Dow Tr. 30, Jan. 11, 2010. In addition, Harmon granted Jackie a general power of attorney over his business affairs on May 3, 2000. *See* [Dkt. 44-5]. When Jackie was deposed on January 11, 2010, she denied knowledge of the danger tags placed on the propane system by Ferrellgas. Jackie Dow Tr. 67, 83. However, on April 14, 2010, Shayne Bates, who lived in the residence from November 2003 through January 2005, testified that she spoke to Jackie about the tags. S. Bates Tr. 34-42, 68-69, Apr. 14, 2010. In addition, Bates testified that, after she moved out of the residence, she heard that Lowren and Jason may have replaced the water heater. *Id.* 70-71. Similarly, Jackie testified that Harmon, Lowren, and Jason brought the old water heater out of the basement and brought the new water heater into the residence. Jackie Dow Tr. 33-35.

In response, Lowren does not contend that Defendants should have identified Jackie and Jason as at fault non-parties sooner, before the passage of 91 days under Michigan Court Rule 2.112(K)(3)(c). Rather, Lowren contends that Defendants should not be allowed to amend their notices because they will not be able to prove the fault of Jackie and Jason. Lowren contends that to establish fault, it is necessary to prove a legal duty, breach of that duty, causation in fact, and proximate causation, citing *Romain v. Frankenmuth Mutual Ins. Co.*, 762 N.W.2d 911, 913 (Mich. 2009).

Lowren argues that neither Jackie nor Jason owned or possessed the property, and therefore did not owe him any legal duty under Michigan premises liability law. Lowren emphasizes that Harmon was the owner of the property and Harmon testified that he installed the water heater. Harmon Tr. 42, Dec. 17, 2009. Moreover, Lowren asserts that to prove any fault of Jackie,

Defendants must prove that Jackie was an agent of Harmon, and that she acted outside the scope of the agency agreement and performed unauthorized installation or maintenance work on the water heater. Lowren contends that there is no such evidence. Similarly, Lowren emphasizes that Jason's only involvement was to carry the old water heater out of the basement and to carry the new water heater down to the basement. Jason Dow Tr. 10, Jan. 11, 2010.

Even if Jackie or Jason had a legal duty, Lowren argues that Defendants cannot prove a breach of that duty because prior to the explosion, the water heater was replaced. Lowren advances the deposition testimony of Frederick Heideman, a "manager of technical and safety or technical and standards and procedures," to suggest that the vent issue and danger tags referred exclusively to the old water heater because the new water heater had "some type of vent." Heideman Tr. 27-29, Apr. 12, 2010. Furthermore, Lowren asserts that Defendants cannot prove proximate causation because the purpose of the vent is simply to prevent carbon monoxide poisoning. *See id.* 29.

In reply, Robertshaw contends that Michigan Court Rule 2.112(K)(3)(b) only requires a "brief statement of the basis for believing the nonparty is at fault," and does not require it to prove fault at the time of giving notice and while discovery is ongoing. Robertshaw generally asserts that additional discovery will likely support its claims of fault against Jackie and Jason. More particularly, Robertshaw highlights that Harmon's statement to a Farm Bureau investigator was ambiguous as to the extent of Lowren and Jason's help in installing the new water heater. Harmon stated that Lowren and Jason "helped me take the old one out and we put the new one in," and that "[t]hey helped me carry it down." [Dkt. # 49-1, p. 18].

Robertshaw further contends that expert discovery will establish that the improper installation of the water heater caused or contributed to the explosion and Lowren's injuries.

Robertshaw emphasizes that investigators hired by Farm Bureau did not rule out the possibility that improper installation of the water heater "lead to a gas leak result [sic] in the explosion, or by an improper procedure being utilized in the attempt to relight the pilot, which could have resulted in the ignition of fumes in the basement." [Dkt. 44-4, p. 9]. Robertshaw contends that the new water heater lacked proper venting and that the "sight glass" had been improperly removed so that it could be ignited with a butane lighter "rather than the piezoelectric igniter attached to the gas control valve."

Finally, Robertshaw emphasizes that Jackie had a general power of attorney over Harmon's affairs. In particular, Robertshaw emphasizes that Jackie handled Harmon's finances, showed the residence to prospective tenants, drafted a lease for a prior tenant, collected rent money, helped deal with mortgage issues and realtors, and fielded calls from tenants about problems and issues with the property. Robertshaw asserts that Jackie breached her duty as agent of the property by failing to warn of the dangers of the water heater being improperly installed by unqualified personnel.

Importantly, the parties have not clearly identified the standard of review applicable to whether Defendants should be allowed to amend their notices of at fault non-parties. Lowren suggests that Federal Rule of Civil Procedure 12, which generally applies to affirmative defenses, and Federal Rule of Civil Procedure 15, which generally applies to amended pleadings, govern whether Defendants should be allowed to amend their notices of at fault non-parties. Lowren did not provide any citation to legal authority to support this proposition. While Lowren asserted at hearing that the federal rules apply because the issue is "Erie procedural," Michigan's statutory

scheme for comparative negligence, Mich. Comp. Laws § 600.2927, is clearly substantive.[3]

Consistent with the substantive nature of the scheme generally, Defendants suggest that the standard articulated by the Michigan court rules applies. The rules only require that notice "set forth the nonparty's name and last known address, or the best identification of the nonparty that is possible, together with a brief statement of the basis for believing the nonparty is at fault." Mich. Ct. R. 2.112(K)(3)(b). The court should also consider whether "the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier" and whether "unfair prejudice to the opposing party" will result. Mich. Ct. R. 2.112(K)(3)(c). Importantly, Lowren does not contend that the "identification of the nonparty" or "brief statement" is insufficient, that Defendants with "reasonable diligence" could have identified Jackie and Jason sooner, or that "unfair prejudice" will result.

Moreover, while Lowren is correct that a non-party must have a duty to be found "at fault," under either the premises liability theory advanced by Lowren, or the general negligence theory advanced by Defendants, the facts advanced thus far demonstrate a plausible duty under the minimal standard of the Michigan Court Rules applicable at this stage of the development of the case. Jackie performed some tasks as a principal under the power of attorney given by Harmon as the property owner, and both Jackie and Jason may have assisted the property owner in some manner with changing out the water heater.

### III

Accordingly, it is **ORDERED** that Defendants Robertshaw and Rheem's motion to

---

[3] Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal district court must apply the "substantive," but not "procedural," law of the state in which it sits.

consolidate cases [09-13697, Dkt. # 31] is **GRANTED IN PART** and **DENIED IN PART**.

It is further **ORDERED** that 09-13697-BC, *Dow v. Rheem Mfg. Co., et al.*, and 10-10753-BC, *Mich. Farm Bureau Gen. Ins. v. Rheem Mfg. Co., et al.*, are **CONSOLIDATED** through the resolution of dispositive motions. Until dispositive motions have been resolved, the parties are **DIRECTED** to file all motions, responsive materials, and other filings in both cases to ensure a complete record.

It is further **ORDERED** that Robertshaw's motion for leave to file third amended notice of at fault non-parties [09-13697, Dkt. # 40] and Rheem's request for leave to file fourth amended notice of at fault non-parties [09-13697, Dkt. # 43] are **GRANTED**. The parties are **GRANTED LEAVE** to file the respective notices on or before **July 23, 2010**.

It is further **ORDERED** that Plaintiffs' motion for leave to file supplemental brief [09-13697, Dkt. # 53] is **DENIED AS MOOT**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: July 20, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 20, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS

---