UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LOWREN DOW,

        Plaintiff,

                                  Case Number 09-13697-BC

v.

RHEEM MANUFACTURING COMPANY,
ROBERTSHAW CONTROLS COMPANY,
INVENSYS CONTROL SYSTEMS,

        Defendants,

LOWREN DOW,

        Plaintiff,

                                  Case Number 11-10647-BC
v.                                                   Honorable Thomas L. Ludington

RHEEM MANUFACTURING COMPANY,
ROBERTSHAW CONTROLS COMPANY,
INVENSYS CONTROL SYSTEMS,

       Defendants,
_____ /

**ORDERING DIRECTING SUPPLEMENTAL BRIEFING**

On July 16, 2007, Plaintiff Lowren Dow ("Lowren") was severely injured when the water heater in his rental home exploded, causing burn injuries to over ninety-eight percent of his body. After the accident, Lowren required hospitalization and was in an induced coma for a period of time. On August 30, 2007, Lowren's mother, Jackie Dow, filed a petition for appointment of guardian of incapacitated individual with the Tuscola County Probate Court, stating that Lowren lacked sufficient understanding or capacity to make or communicate informed decisions due to physical illness or disability. On September 18, 2007, the Tuscola County Probate Court ("Probate Court")

appointed Mrs. Dow to be Lowren's full legal guardian and assume "care, custody, and control" of Lowren, "together with all authority and responsibilities granted and imposed by law." [09-13697 Dkt. #132 Ex. 1]. Mrs. Dow indicated in her annual report to the Probate Court on August 13, 2009 that the guardianship was still necessary and should be continued.  [09-13697 Dkt. #132 Ex. 4]. On February 2, 2010, Mrs. Dow petitioned the Probate Court to terminate the guardianship, stating that Lowren had regained the mental and physical faculties required to "Care for his own affairs" and "make all necessary legal decisions." [09-13697 Dkt. #132 Ex. 5]. The Probate Court granted Mrs. Dow's petition on February 24, 2010.  [09-13697 Dkt. #132 Ex. 6].

On September 17, 2009, Lowren filed a complaint alleging claims of "products liability," negligence, gross negligence, "willful disregard," and breach of implied and expressed warranties against Defendants Rheem Manufacturing Company ("Rheem"), Robertshaw Controls Company ("Robertshaw") and Invensys Control Systems ("Invensys Controls").  Lowren's claims arise from the explosion that occurred on July 16, 2007 [09-13697 Dkt. #1].  Lowren contends that his injuries are a result of the faulty operation of a water heater that he alleges was designed, manufactured, sold, and supplied by Rheem, and equipped with a control valve manufactured by Robertshaw. Lowren alleges that the control valve had a defective pilot safety, which is intended to shut off gas to the main burner of the unit if the pilot is extinguished.  When Lowren attempted to light the pilot, the residence exploded, causing the extensive burns over his body.  Lowren seeks to recover $11 million.

**I**

On November 19, 2010, Robertshaw filed a motion to dismiss Lowren's suit for lack of capacity [09-13697 Dkt. #132]. Robertshaw contends that Lowren was expressly found to be

"impaired to the extent of lacking sufficient understanding or capacity to make or communicate informed decisions" such that he was "an incapacitated individual" by a Michigan Probate Court on September 18, 2007. Federal Rule of Civil Procedure 17(c) requires a representative, next friend or guardian ad litem file the suit on behalf of an incompetent person. Lowren's legal incapacity was not rescinded until February 24, 2010, but he filed this action in his own name on September 17, 2009. Rheem filed a joinder in Robertshaw's motion [09-13697 Dkt. #135] on November 19, 2010.

Lowren filed a three-page response brief to Defendants' motion to dismiss [09-13697 Dkt. #149] on December 3, 2010. Lowren generally alleges that Defendants' motion should be denied because lack of capacity is an affirmative defense that was not advanced as required in their first responsive pleading. Alternatively, Lowren submits, with little explanation and no citation to legal authority, that correcting any procedural filing deficiency should relate back to the filing of the original complaint. Lowren also states that he was declared incompetent because he was in an induced coma while in the hospital and his only subsequent limitation was use of his hands. Lowren did not give any attention to Rule 17 in his response brief. Robertshaw filed a reply [Dkt. #162] on December 9, 2010.

Plaintiff did, however, file a second lawsuit based on the same factual allegations and requesting relief for the same legal claims on February 16, 2011 [11-10647 Dkt. #1]. On its face, the complaint was filed outside the applicable statute of limitations period unless a tolling provision applies. Robertshaw and Rheem have filed a motion to dismiss Lowren's complaint as time-barred by the applicable statute of limitations [11-10647 Dkt. #10; Dkt. # 13]. Lowren responds [11-10647 Dkt. #15] that his claims should not be dismissed because he was traumatically insane at the time his claim against Defendants accrued and the statute of limitations was tolled until February 24,

2011 pursuant to Mich. Comp. Laws § 600.5851. Defendants filed a reply on April 20, 2011 [11-10647 Dkt. #20; Dkt. #23].

**II**

Federal Rule of Civil Procedure 17(a)(3) provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

The advisory committee's notes to Rule 17 provide that "[m]odern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed. . . . The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *See also Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach., Inc.*, No. 02-74796, 2006 WL 89867, *3 (E.D. Mich. Jan.13, 2006). In deciding whether to allow ratification, joinder, or substitution under Rule 17, courts consider "whether there has been an honest mistake as opposed to tactical maneuvering, unreasonable delay, or undue prejudice to the non-moving party." *Tool-Plas Systems, Inc. v. Camaco, LLC*, No. 09-12003, 2010 WL 1347686, *2 (E.D. Mich. March 31, 2010). The rule requires that the real party in interest act to pursue ratification, joinder, or substitution within a "reasonable time." *Wiwa v. Royal Dutch Petroleum Co.*, Nos. 96 Civ. 8386, 01 Civ.1909, 02 Civ. 7618, 2009 WL 464946, at *10-11 (S.D.N.Y. Feb. 25, 2009). What constitutes a reasonable time is within the Court's discretion. *Suda v. Weiler Corp.*, 250 F.R.D. 437 (D.N.D.2008); *see also* 6A Wright, Miller & Kane, Federal Practice & Procedure § 1555 (3d ed. 2010). Courts consider the concept of reasonable time within the context of the specific facts

of each case. *See* Wright, Miller & Kane at § 1555; *see, e.g.*, *Rodriguez v. Mustang Mfg. Co.*, No. 07-CV-13828, 2008 WL 2605471, *3 (E.D. Mich. June 27, 2008) (one month constitutes a reasonable time under circumstances of products liability action following plaintiff's bankruptcy).

It remains unclear as to whether Plaintiff has ratified the filing of the complaint on his behalf in case number 09-13697 under Rule 17(a). Further explanation and briefing would assist the Court.

### III

Accordingly, it is **ORDERED** that Plaintiff is **DIRECTED** to file supplemental briefing addressing the issues presented above on or before **June 9, 2011.**

It is further **ORDERED** that Defendants are **DIRECTED** to file a response brief on or before **June 16, 2011.**

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: June 1, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 1, 2011.

        s/Tracy A. Jacobs
        TRACY A. JACOBS